IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL DAVID MILLIGAN | ) | CASE NO: 1:14-cv-01094 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | REPORT AND RECOMMENDATION |

This case is before the undersigned United States Magistrate Judge pursuant to a referral under Local Rule 72.2.  Plaintiff Randall David Milligan ("Plaintiff" or "Milligan") acting *pro se* seeks judicial review of a final decision of Defendant Commissioner of Social Security ("Commissioner") which he asserts adversely affects him in whole or in part.  Doc. 1.  As discussed below, Plaintiff has failed to prosecute this action.  Accordingly, the undersigned recommends that the Court **DISMISS** this case without prejudice.

### I. Background

The Plaintiff filed his complaint on May 21, 2014.  Doc. 1.  Pursuant to the Court's June 16, 2014, Order (Doc. 7), the Defendant filed her Answer and the Transcript of Proceedings on August 25, 2014 (Doc. 11, Doc. 12).  Plaintiff's Brief was due on or before September 24, 2014. *See* L.R. 16.3.1(d) and Doc. 7.  Plaintiff failed to file his Brief by the foregoing deadline.  On November 4, 2014, the Court provided Plaintiff additional time to file his Brief and warned Plaintiff that his failure to file his Brief by December 8, 2014, could result in dismissal of his

Complaint with prejudice for failure to prosecute. Doc. 13. As of December 15, 2014, Plaintiff had not filed his Brief.

## II.  Law and Analysis

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wasbash R. Co.*, 370 U.S. 626, 629-632 (1962). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when determining whether a case should be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). *Knoll*, 176 F.3d at 363. Those factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.*

With respect to the first factor, even after the undersigned provided Plaintiff with time beyond the original due date for filing his Brief and warned Plaintiff that a failure to file a Brief could result in dismissal of his case with prejudice for failure to prosecute, Plaintiff failed to file his Brief.

With respect to the second factor, Defendant has been required to defend Plaintiff's Complaint. Defendant filed an Answer and the Transcript of Proceedings. Doc. 11, Doc. 12.

With respect to the third factor, on November 4, 2014, the Court warned Plaintiff that his failure to file a Brief could result in his Complaint being "dismissed with prejudice for failure to prosecute." Doc. 13.

With respect to the fourth factor, in order to adjudicate this action, briefing is necessary. Thus, a sanction less than dismissal would not be effective in ensuring resolution of the case.

After considering the factors set forth in *Knoll*, the undersigned finds that dismissal is warranted. However, although warned that his Complaint may be dismissed with prejudice, considering the fact that Plaintiff is proceeding *pro se*, the undersigned concludes that dismissal without prejudice (as a less drastic sanction than dismissal with prejudice) is warranted.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** Plaintiff's Complaint without prejudice for failure to prosecute.

December 16, 2014

U.S. Magistrate Judge
KATHLEEN B. BURKE

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).